UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-80712-MIDDLEBROOKS/BRANNON

ARHC NVWELFL01, LLC, a Delaware
limited liability company,

    Plaintiff,

v.

CHATSWORTH AT WELLINGTON
GREEN, LLC, a Florida limited liability
company,

    Defendant.
_____/

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT

THIS CAUSE is before the Court upon Plaintiff ARHC NVWELFL01, LLC's ("Plaintiff") Verified Motion to Enforce Settlement Agreements, filed on October 25, 2018 ("Motion"). (DE 36). Defendant Chatsworth at Wellington Green, LLC ("Defendant Wellington") filed a Response on October 31, 2018 (DE 41), to which Plaintiff replied on November 1, 2018. (DE 44). For reasons stated below, the Motion is denied.

### BACKGROUND

Plaintiff owns real estate on which a skilled nursing and assisted living facility is located. (DE 1 at ¶ 2). Defendant is the tenant and operator of this facility. (*Id.* at ¶ 3). Plaintiff filed this action on June 1, 2018, seeking eviction of Defendant from the leased property, seeking appointment of a receiver for the property and facility, and alleging a breach of the lease agreement. (DE 1 at ¶ 23–36).

After the initiation of this suit, the Parties signed an Asset Purchase Agreement ("APA"). (36 at 2). The Parties state that the APA is confidential, and the agreement has not been

provided to this Court. (*Id.*). Plaintiff states that the APA provides terms for Defendant's prospective purchase of the leased property. (*Id.*).

In addition to the APA, the Parties executed three other agreements: an Operations Transfer Agreement and an Amendment to Operations Transfer Agreement (collectively the "OTA") (DE 36-A) and the Interim Management Agreement ("IMA") (DE 36-B). The Parties state that the OTA and IMA are triggered upon breach of the APA or upon failure of Defendant to close the prospective purchase transaction. (DE 36 at 3; DE 41 at 2). These agreements provide for Defendant's handover of the facility to Plaintiff's designated manager. (*Id.*).

Defendant did not proceed with the purchase of Plaintiff's property and the APA was terminated on October 10, 2018, triggering the OTA and IMA. (DE 36 at 5). Per the terms of the OTA and IMA, the transfer of the facility's operations is to occur after a 30 day transition period following the APA's termination. (*Id.*). Plaintiff alleges that Defendant has not complied with the terms of the OTA and IMA and, characterizing these agreements, together, as an enforceable settlement agreement, seeks enforcement by this Court. (*Id.* at 3).

## ANALYSIS

Federal district courts have inherent power to summarily enforce settlement agreements entered into by party litigants in a pending case. *Kent v. Baker, III*, 815 F.2d 1395, 1398 (11th Cir. 1987) (citation omitted). The contract law of the forum state is to be applied in a diversity action in determining the construction and interpretation of the agreement. *See Schwartz v. Fla. Bd. of Regents,* 807 F.2d 901, 905 (11th Cir. 1987).

Under Florida law, courts are to enforce settlement agreements when it is possible to do so. *See Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc.,* 704 So.2d 669, 673 (Fla. 1st Dist. Ct. App. 1997). Settlement agreements are interpreted and governed by the law of contracts. *Williams v. Ingram*, 605 So.2d 890 (Fla. 1st Dist. Ct. App. 1992). The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the

terms of the agreement. *Carroll v. Carroll*, 532 So.2d 1109 (Fla. 4th Dist. Ct. App. 1988), *rev. denied*, 542 So.2d 1332 (Fla. 1989). A trial court's finding of a meeting of the minds must be supported by competent substantial evidence. *Healey v. Healey*, 658 So. 2d 1096, 1099 (Fla. 1st Dist. Ct. App. 1995). To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. *Don L. Tullis and Assoc., Inc. v. Benge*, 473 So.2d 1384 (Fla. 1st Dist. Ct. App. 1985). "Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, or where there is a material dispute about the authority of an attorney to enter a settlement agreement on behalf of his client, the parties must be allowed an evidentiary hearing." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (emphasis in original) (internal quotations omitted).

Both Parties in this case recognize the existence of the OTA and IMA, but Defendant disagrees with their characterization as a settlement agreement, instead identifying them as "ancillary agreements." (DE 41 at 3). Defendant argues that neither the APA, OTA, nor the IMA present themselves as settling claims or issues. To this effect, Defendant provides the following excerpt from the APA, which pertains to this litigation:

[Section] *8.4 Wellington Tennant Lawsuit*

(a) . . . . [Plaintiff] may at its sole discretion continue to prosecute the Wellington Litigation during the Due Diligence Period and, provided, however, that in the event the Due Diligence Period has expired and Purchaser has not exercised its right under Section 5.4 of this Agreement to terminate this Agreement, [Plaintiff] shall then suspend its prosecution of the Wellington Litigation until the earlier of the dates this Agreement terminates, or the Closing Date. At the Closing, on the Closing Date, [Plaintiff] shall promptly record and deliver an agreed order of dismissal with prejudice of the Wellington Litigation, or, if a judgment in the Wellington Litigation has been obtained, a satisfaction of judgment . . . that shall fully and finally release [Plaintiff] from any such judgment.
(b) As long as this Agreement remains in effect and [Defendant] is not in Breach of this Agreement, [Plaintiff] shall forbear from (1) seeking any temporary relief in the Wellington Litigation by way of appointment of a Receiver, (2)

>otherwise disposing [sic] the Wellington Tenant, (3) interfering with the operation of the Wellington Facility, and (4) if [Plaintiff] obtains a final judgment in the Wellington Litigation, enforcing the judgment.

(DE 41 at 3).

On the basis of the facts currently before the Court, I find that Plaintiff has not met its burden of showing that Defendant assented to and subsequently breached any agreements that settle this litigation. The OTA and IMA provide for a set of occurrences which would eventually result in the settlement of two of Plaintiff's three claims, but the provision that would effectuate the mooting of the claims—the transfer of the property from Defendant to Plaintiff—has not yet been violated because it has not yet occurred. It is scheduled for November 10, 2018. (DE 36 at ¶ 12). Nor can the Court find, based on the language of the APA provided, a dispute of material facts warranting an evidentiary hearing. *See Murchison*, 12 F.3d at 1486 (affirming under Florida law the enforcement of settlement agreement without evidentiary hearing for lack of material dispute). To the extent Plaintiff wishes to recover damages for alleged breaches of the OTA and IMA, it may move to amend the Complaint to add any such claims. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion to Enforce Settlement Agreements (DE 36) is **DENIED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this ___7___ day of November, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record